3:24-cv-291 (GTS/ML)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ABDULHAIY MUHAMMAD

                  Plaintiff

vs.

PRICE CHOPPER/GOLUB CORPORATION
BEN BISHOP, SUE LAMBERT, TIM TURNER,
JUSTIN DOOLITTLE, FRANK CURCI,
MIKE MILLER, JUDY POLONSKI,
NATE GABEL, LISA PRICE, NANCY POOK

                  Defendants

**COMPLAINT**
Case #
**VERIFIED CIVIL RIGHT COMPLAINT AND JURY DEMAND PURSUANT TO 42 U.S.C. SECTION 1981 AND 42 U.S.C. SECTION 1983**

---

## COMPLAINT OF ABDULHAIY MUHAMMAD

Abdulhaiy Muhammad, Plaintiff in the above captioned action, through his attorney, John D. Cadore, Esq., states and alleges as follows:

1. This is a civil action seeking relief and/or damages to defend and protect the rights granted by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. Section 1981, AND 42 U.S.C. 1983.

2. Declaratory injunctive and equitable relief is sought pursuant to 42 U.S.C. Section 20001 and 20002, Sections 2000e-5(9), and any and all pendent claims.

3. Further causes of action being set forth within as supplemental to the 42 U.S.C 1981 AND 42 U.S.C. 1983 cause of action.

## PARTIES

4.     Plaintiff:    Abdulhaiy Muhammad,

    Endicott, NY 13760

5.     Defendants: Price Chopper Corporation
Golub Corporation
461 Nott Street
Schenectady, NY 12308

Ben Bishop, Director
Corporate Office
461 Nott Street
Schenectady, NY 12308

Sue Lambert
HR Manager, Corporate Office
461 Nott Street
Schenectady, NY 12808

Tim Turner
Store Manager
Market 32 1917
Genesee Street
Utica, NY 13501

Justin Doolittle
Zone Director Corporate office,
461 Nott Street
Schenectady, NY 12308

Frank Curci
CEO, Price Chopper
461 Nott Street
Schenectady, NY 12308

Mike Miller
Northeast Grocery
461 Nott Street
Schenectady, NY 12308

Judy Polonski
Senior Vice President of Operations
461 Nott Street
Schenectady, NY 12308

Nate Gabel
Endicott Price Chopper
911 North St.
Endicott, NY 13760

Lisa Price
42 West Main Street
Owego, NY 13827

## FACTS

6. Plaintiff began working for price Chopper/Golub Corporation from December 9, 2017, to January 3, 2023.

7. On January 3, 2023, Plaintiff was wrongfully terminated from his employment with Price Chopper based on false allegations that Plaintiff failed to report a problem with the refrigerator system.

8. At the time of the final wrongful termination of Petitioner's employment at Price Chopper store in Binghamton, New York, he was the assistant grocery manager for the store.

9. Plaintiff on one prior occasion was wrongfully terminated from his employment with said employer and was reinstated after the facts revealed that Petitioner was terminated from his employment due to racial discrimination and other wrongful actions.

10. Despite numerous complaints by the Petitioner to senior management about the hostile work environment encountered in price Chopper workplace, no meaningful action was taken to alleviate the problem.

11. On more than one occasions Petitioner filed complaints against Price Chopper based on discrimination and hostile work environment.

12. Throughout Petitioner's employment with Defendant, he constantly, regularly, and continuously faced open discriminatory acts by employees employed by Price Chopper.

13. Such discriminatory actions were also manifested in Petitioner's performance evaluation.

14. Plaintiff was also slandered, defamed, and libeled by store employees by calling him a pedophile to employees of the store and to members of the public.

15. On or about August 18, 2022, employees within Defendant's employment and chain of command began spreading further rumors about Plaintiff, calling him a 'Crack Head and Nigga."

16. On or about September 2022 Mr. Ray McNally, an employee and supervisor at Price Chopper posted a "Racial" post about Plaintiff on Facebook stating that he is going to "end Plaintiff's career."

17. On or about September 11, 2022, and September 12, 2022, the discriminatory actions against Plaintiff were brought to management's

attention by Mr. Keith McWhite, Jr. an employee of the corporation. No action was taken by management to prevent such wrongful conduct.

18. Plaintiff had numerous conversations with Mr. Tim Turner, store manager in the corporation, about individuals repeatedly and continually damaging his character, and nothing was ever done about it.

19. On or about September 2022 Ms. Raylynn, an employee of the Corporation told Ms. Ednar Alvarez that Plaintiff would not be employed by the company much longer because he would be fired.

20. Plaintiff was accused of harassing Raylynn and Cibil, however Plaintiff had no contact with any of those employees.

21. On or about September 23, 2022, at approximately 3:00 pm Plaintiff had an interview with senior members of the corporation concerning the facts set forward in the complaint.

22. On or about September 16, 2022, Plaintiff was suspended from his employment.

23. On or about September 25, 2022, Mr. Ray McNally, an employee/supervisor in the corporation told Bridget that Plaintiff was fired from the corporation, and that she should not get involved in this matter.

24. At that time Plaintiff was not fired from his employment with Price Chopper, he was placed on suspension.

25. Mr. Ray McNally, in his attempt to ensure that Bridget would not be of any assistance to Plaintiff, provided her with marijuana to ensure that she would not testify against any of the Defendants.

26. To validify Plaintiff's wrongful termination of his employment as an assistant manager in the grocery department Plaintiff was falsely accused of not ensuring the proper functioning of the store refrigerator.

27. Plaintiff obtained knowledge of the store refrigerator failure on or about December 24, 2022.

28. Plaintiff had no training in refrigeration maintenance or upkeep, as that was not in his job description.

29. Refrigerator upkeep was the responsibility of the corporation and zone director. Plaintiff was never trained to do HVAC refrigerator checks.

30. Prior to Plaintiff's end of shift on or about December 23, 2022, Plaintiff told Eric Gaugler about the problem encountered in the seafood and produce department.

31. Refrigeration checks are supposed to be done by the appropriate department and responsible personnel at 11:00 pm and 1:00 am, and 3:00 am and 7:00 am respectively.

32. Edwin Marcano, night manager, is the individual responsible for doing such routine refrigerator checks for the entire store.

33. According to Eric Gauger, he had forgotten to inform the appropriate

individuals to perform the refrigerator checks on that day and time.

34. Plaintiff firing was in retaliation of his Human Rights and EEOC complaint against the store.

35. Plaintiff had accumulated vacation time/hours, personal day, and other earned vacation at the time of his firing. Plaintiff was not given or offered any compensation package at the time of his termination and has not received any compensation packages as of this date.

36. Plaintiff was wrongfully terminated from the Price Chopper store located in Endicott, New York, on February 17, 2021, due to discrimination and hostile workplace environment on one occasion before. He was later reinstated and transferred to the Binghamton Price Chopper store.

37. Plaintiff worked from 2:30 pm to 11:00 pm and has no experience or training in HVAC refrigeration. Plaintiff was an assistant grocery manager with no experience in refrigeration.

38. Plaintiff was wrongfully terminated from Price Chopper Corporation store located in Endicott, New York on February 17, 2021.

39. Plaintiff was wrongly terminated by store manager, Nate Gabel solely based on false allegations.

40. After an internal investigation which showed that Plaintiff was wrongly terminated based on false information and discrimination,

Plaintiff was reinstated by the company.

41. Although Plaintiff was reinstated by the company, he was denied backpay plus promotion over less qualified employees that were promoted over him.

42. Plaintiff's 2021 performance review when he worked in the Endicott Branch of Price Chopper was intentionally lowered to affect his chance of promotion.

43. Upon the finding of discriminatory practices, Plaintiff was reinstated by the Company On May 10, 2021, and was sent to work in the Binghamton Price Chopper store.

44. In 2022, Plaintiff was falsely accused of sexual harassment of store workers. A charge that was not substantiated

45. Defendant's wrongful conduct against Plaintiff included, but is not limited to hostile work environment, racial discrimination, denial of due process, wrongful and intentional termination, and violation of minority stake-holders rights.

46. On or about September 6, 2022, Plaintiff was called a Nigga and a manchild by Mr. Ray McNally, one of the supervisors (Front end supervisor) of the store.

47. The issue with the refrigeration was reported via text message to Mr.

Tim Turner, the store manager. He did not respond to the text.

48. On approximately December 11, 2022, through December 18, 2022, a customer reported seeing a defamatory post on face book about Plaintiff calling him a pedophile, Plaintiff's picture, name, and job location were placed in the post. All of this occurred without Plaintiff knowledge or consent.

49. Upon being informed by the customer Price Chopper told the customer that would not comment about the story because there is a pending lawsuit.

50. At the time of that occurrence no lawsuits were pending, but Plaintiff had filed an EEOC and Human Rights complaint about the incident.

51. The above complaints were filed prior to the Plaintiff's suspension and termination from the company,

52. Both Theresa McNally and Ray McNally are registered sex offenders.

53. On or about September 2022 Eric Gaugler reported to Dale Conklin and Lisa Price about Ray McNally's post on Facebook, alluding that 'he would end Plaintiff's career'. Ms. Price failed to report Eric Gaugler's complaint to the Human Resource manager.

**FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION, AND IN VIOLATION OF 42 U.S.C. 1983**

54. Defendant Tim Turner wrongfully terminated Plaintiff employment at

Price Chopper Corporation on January 3, 2023, by their inaction when having the ability and legal authority to act, are culpable and have assisted in violating Plaintiff's civil rights.

## FOR A SECOND CAUSE OF ACTION DEFFENDANTS ARE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION AND IN VIOLATION OF 42 U.S.C. 1983.

55. By committing libel, slander and defamation of character against Plaintiff and/or by their inaction when having the ability and legal authority to act, are culpable and have assisted in violating the Plaintiff's civil rights.

56. Plaintiff repeats all the allegations aforesaid.

## FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION, AND IN VIOLATION OF 42 U.S.C. 1983.

57. Defendants created a hostile work environment and in so doing, violated Plaintiff's Constitutional right.

58. Plaintiff repeats all the aforesaid allegations.

WHEREFORE, Plaintiff Abdulhaiy Muhammad is kindly seeking the following:

a. Compensatory damages, including all backpay to which he is entitled.

b. Punitive for libel, slander, and defamation of character

c. Wrongful termination

d. Together with any other and further relief the court deems just and proper.

2-22-24            *Abdulhaiy Muhammad* (signature)
Date                  Abdulhaiy Muhammad

Sworn to before me this 22 day of

February 2024.

*John Dale Cadore, ESQ* (signature)
Notary Public

JOHN DALE CADORE
Notary Public, State of New York
No. 02CA6029489
Residing in Broome County
My Commission Expires Aug. 16, 2025

Respectfully submitted,

*John D. Cadore, ESQ* (signature)
John D. Cadore, Esq.
Bar Roll #302384
Attorney for Abdulhaiy Mohammad
34 Chenango Street, Suite 202
Binghamton, New York, 13901