**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ABDULHAIY MUHAMMAD,

Plaintiff,

-v- 3:24-CV-291 (AJB/ML)

PRICE CHOPPER CORPORATION *et al.*,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

OFFICE OF JOHN D. CADORE
Attorneys for Plaintiff
34 Chenango Street, Suite 202
Binghamton, NY 13901

JOHN D. CADORE, ESQ.

HARTER, SECREST & EMERY LLP
Attorneys for Defendants
1600 Bausch and Lomb Place
Rochester, NY 14604

JEFFREY J. CALABRESE, ESQ.

**Hon. Anthony Brindisi, U.S. District Judge:**

**DECISION and ORDER**

## I. INTRODUCTION

Plaintiff Abdulhaiy Muhammad ("plaintiff") filed this civil rights action alleging that his former employer, defendant Price Chopper Corporation, along with ten of its officers, managers, and/or employees (collectively "defendants"), racially harassed him, retaliated against him, and wrongfully terminated his employment. Dkt. No. 1.

Defendants have moved under Rule 12(b)(5) of the Federal Rules of Civil Procedure to dismiss plaintiff's complaint for insufficient service of process. Dkt. No. 10. The motion has

been fully briefed, Dkt. Nos. 12, 13, and the case has been reassigned to this Court for further proceedings, Dkt. No. 14.

The motion will be considered on the basis of the submissions without oral argument.

## II. BACKGROUND

Plaintiff, through counsel, filed his complaint on February 28, 2024. Dkt. No. 1. The Clerk of the Court issued a summons the next day.[1] Dkt. No. 2. At that time, the Clerk of the Court also issued General Order ("GO") 25, which governs the timing of service of process and the scheduling of case management deadlines. Dkt. No. 3. As relevant here, GO 25 directs that:

> When serving a Complaint or Notice of removal, the filing party shall serve on all other parties a copy of this General Order and attached materials. Service of process should be completed within **sixty (60) days** from the initial filing date. This expedited service is necessary to fulfill the dictates of the Civil Justice Reform Act Expense and Delay Reduction Plan of this court to ensure adequate time for pretrial discovery and motion practice. However, in no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4, or any other rule or statute which may govern service of process in a given action.

Dkt. No. 3 (emphasis in original). An initial telephone conference was scheduled before U.S. Magistrate Judge Miroslav Lovric for May 28, 2024. *Id*.

On April 29, 2024, upon the expiration of the sixty-day deadline for service imposed by GO 25, plaintiff filed a letter seeking an adjournment of the May 28 conference. Dkt. No. 6. In that letter, plaintiff's counsel explained that he was "scheduled to be in a Felony (drug) trial in a different county" starting the week of May 28. *Id*. Plaintiff's counsel stated that because of this

[1] Because Nancy Pook was listed as a defendant in the case caption but not in the "parties" section of the pleading, no summons was initially issued as to this defendant. Plaintiff sought and received a summons for this defendant on March 1, 2024. Dkt. No. 5.

"conflicting schedule," he had "not yet served summons [*sic*] upon Defendants." *Id*. Plaintiff sought a "45–60-day extension of time in this matter." *Id*.

On April 30, 2024, Judge Lovric granted plaintiff's request "insofar as and to the extent that the Rule 16 Initial Conference scheduled for 5/28/2024 is re-scheduled for 7/29/2024." Dkt. No. 7. Judge Lovric did not extend the deadline for service. *Id*. Thereafter, defendants appeared and moved to dismiss on July 1, 2024. Dkt. Nos. 8–10.

124 days had elapsed since plaintiff initially filed his complaint.

## III. LEGAL STANDARD

Rule 12(b)(5) authorizes a defendant to move for pre-answer dismissal of a pleading for insufficient service of process. FED. R. CIV. P. 12(b)(5). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). "In deciding a Rule 12(b)(5) motion, a court looks to materials outside the pleadings to determine whether service of process has been sufficient." *Jordan v. Asset Forfeiture Assocs.*, 928 F. Supp. 2d 588, 594 (E.D.N.Y. 2013) (cleaned up). If service is found to be insufficient, the court may grant plaintiff leave to cure the insufficiency or dismiss the action. *See, e.g.*, *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 353 (N.D.N.Y. 2014).

## IV. DISCUSSION

Defendants have moved to dismiss plaintiff's complaint for failure to timely serve them with process. Defs.' Mem., Dkt. No. 10-2 at 5–8. As defendants explain, plaintiff did not even attempt service within the time period set forth in GO 25 or, more importantly, the Federal Rules of Civil Procedure. *Id*. at 6. In defendants' view, there is no "good cause" to excuse plaintiff's non-compliance, either. *Id*. at 6–7. Although defendants acknowledge that courts can extend the

service deadline even in the absence of "good cause," they argue that a discretionary extension would be unwarranted in light of plaintiff's obvious neglect. *See id*. at 7–8.

In opposition to dismissal, plaintiff responds that he sought an adjournment of this matter on April 25, 2024 "because he was scheduled for a drug felony trial" that exposed his client in that case to significant prison time.[2] Pl.'s Opp'n, Dkt. No. 12 at 1–2. Plaintiff asserts that, at least as of the filing of his opposition papers, he has served all of the named defendants in this action. *Id*. at 2. According to plaintiff, defendants' motion should therefore be denied. *Id*.

Defendants reply that nothing in plaintiff's opposition memorandum amounts to "good cause" for his admitted failure to timely serve them. Defs.' Reply, Dkt. No. 13 at 4. Although defendants acknowledge that plaintiff has since made "incomplete attempts at service," they emphasize that these efforts did not occur until well after the service deadline had expired.[3] *Id*.

Valid service is required before a federal court may exercise personal jurisdiction over a defendant. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *see also Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (requiring "procedurally proper" service). "The procedural requirements for proper service are set forth in Federal Rule of Civil Procedure 4 and they are incorporated by Rule 12(b)." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (4th ed.) (cautioning that "questions of personal jurisdiction and service of process are closely interrelated"). As relevant here, a motion under Rule 12(b)(5) "is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint." *Id*.

---

[2] The letter motion is dated April 25, 2024, but was filed in ECF on April 29, 2024. Dkt. No. 6.

[3] Defendants also correctly note that plaintiff's opposition memorandum was three days late. *See* Dkt. No. 10.

In this District, service of process is governed by Local Civil Rule 4.1, which provides in relevant part that:

> Upon the filing of a complaint, the Clerk shall issue to the plaintiff General Order 25 which requires, among other things, service of process upon all defendants within sixty (60) days of the filing of the complaint. This expedited service requirement is necessary to ensure adequate time for pretrial discovery and motion practice. **In no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4**.

N.D.N.Y. L.R. 4.1(b) (emphasis added). As this bolded language suggests, Rule 4 of the Federal Rules of Civil Procedure imposes a maximum time period in which to perfect service of process:

> If a defendant is not served **within 90 days after the complaint is filed**, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m) (emphasis added).

There is no question that plaintiff has failed to carry his burden of proving valid service before the ninety-day deadline imposed by Rule 4(m). To the contrary, plaintiff's filings tend to confirm that service on defendants was not even *attempted* until various dates beginning in July of 2024, which is over 120 days after the filing of the complaint. Pl.'s Opp'n at 4–15 ("Exhibit A"). As defendants point out, these attempts at service appear to be deficient, at least insofar as the process servers' affidavits fail to clearly show that service included a copy of GO 25 or the order rescheduling the initial conference. *See* Dkt. No. 3 (requiring both on this fact pattern).

Broadly construed, plaintiff's opposition memorandum might be understood to suggest that "good cause" exists to excuse his non-compliance. According to plaintiff, his attorney was focused on an upcoming state-court criminal trial set for May 28, 2024. *See* Pl.'s Opp'n at 1–2

("Proceeding with service of the Defendants could risk, the issues being joint [*sic*] and a dismissal with prejudice for failure to appear.").

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (cleaned up). Generally speaking, however, a finding of "good cause" is reserved for "exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." *Id*.

Plaintiff has not established good cause. The only explanation offered by plaintiff is based on attorney neglect: his counsel was preoccupied with preparation for another client's criminal matter. But plaintiff has not explained why service of process in this case could not have been attempted—much less completed—in the ninety-day period between the filing of his complaint (on February 28, 2024) and the date of this trial (set for the week of May 28, 2024).

Courts in this circuit have repeatedly held that "a delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) (collecting cases); *Counter Terrorist Grp. U.S. v. New York Mag.*, 374 F. App'x 233, 235 (2d Cir. 2010) (summary order) ("Attorney error does not constitute good cause under Rule 4(m).").

If anything, plaintiff's counsel's conduct in this matter shows an absence of diligence vis-à-vis his service obligations. For instance, at the sixty-day mark, plaintiff sought to reschedule the initial conference. Dkt. No. 6. Notably, plaintiff's letter did not seek an extension of time to complete service even though the letter acknowledges that this task had not been completed. *Id*. To the extent that plaintiff's counsel might have somehow mistakenly believed that his request to

adjourn the conference *also* amounted to a request for an extension of the deadline for service, the limiting language in Judge Lovric's order rescheduling the conference makes clear that he did not grant plaintiff any extension of the service deadline. Dkt. No. 7.

The remaining question is whether the Court should *sua sponte* grant an extension of time, which is a "purely discretionary" choice. *Counter Terrorist Grp. U.S.*, 374 F. App'x at 235. "To obtain a discretionary extension absent a showing of good cause, the plaintiff must advance some colorable excuse for neglect." *Deptula*, 558 F. Supp. 3d at 85. If so, the court should proceed to consider whether: (1) the statute of limitations would bar the refiled action; (2) defendants had actual notice of the claims in the complaint; (3) defendants attempted to conceal the defect in service; and if (4) defendants would be prejudiced by an extension of the deadline.[4] *Tolchin v. Cnty. of Nassau*, 322 F. Supp. 3d 307, 312–13 (E.D.N.Y. 2018).

The application of this test does not favor a discretionary extension. As an initial matter, for the reasons discussed *supra*, plaintiff has failed to "advance some colorable excuse" for his counsel's neglect. Even assuming otherwise, though, none of the discretionary factors weigh strongly in favor of excusing plaintiff's failure to effect timely service.

First, the statute of limitations would be unlikely to bar a refiled action. The conduct about which plaintiff complains began in August of 2022 and ended with his termination from employment in January of 2023. Compl. ¶¶ 7, 15. The complaint references § 1981 and asserts § 1983 claims based on these allegations. Because these claims are subject to a three- or four-year limitations period, a re-filed matter would probably not be time-barred. *See Duplan v. City of N.Y.*, 888 F.3d 612, 619 (2d Cir. 2018).

---

[4] In addition to these factors, "[c]ourts may also take other equitable considerations into account." *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 404 (S.D.N.Y. 2020).

Second, plaintiff's filings do not suffice to demonstrate that defendants were on "actual notice" of the claims in his complaint. Actual notice is "notice given directly to, or received personally by, a party." *George*, 221 F. Supp. 3d at 436 n.4 (cleaned up). Although plaintiff's initial attempt at service did not occur until well after the ninety-day deadline imposed by Rule 4, this factor does not tip in favor of either party—defendants appeared in this action and moved to dismiss *after* the Rule 4 deadline expired but *before* plaintiff attempted service. This suggests that, at the very least, defendants' counsel was on notice of the pending lawsuit.

Third, there is no indication that defendants attempted to conceal a *defect* in service. To the contrary, the record establishes that plaintiff did not attempt to make any service—defective or otherwise—until after the ninety-day deadline had already run. Although defendants seem to have become aware of this litigation through other means, they appeared in this action of their own volition and promptly moved to dismiss. While perhaps defendants could have been more proactive, the fault does not lie with them. *Kogan*, 334 F.R.D. at 406 ("A defendant's notice of a lawsuit does not excuse plaintiff's failure to serve.").

Fourth, there may be some minimal degree of prejudice that "arises from the necessity of defending an action after [ ] the original service period." *Zapata v. City of N.Y.*, 502 F.3d 192, 198 (2d Cir. 2007). But this factor is focused on whether an extension of the service deadline would result in a blameless defendant being forced to defend time-barred claims. *Kogan*, 334 F.R.D. at 406 (collecting cases). Because neither party has addressed prejudice and the federal claims do not clearly appear to be time-barred, this factor does not tip in favor of either party.

In sum, these factors are either neutral or weigh against a discretionary extension. After all, this is not a case "in which the plaintiff tried to achieve service, but due to clerical or mailing errors or similar technical lapses, proved unable to do so effectively." *Kogan*, 334 F.R.D. at 405.

Instead, plaintiff has failed to offer a colorable excuse for his failure to attempt to comply with Local Rule 4.1's sixty-day deadline or, for that matter, the ninety-day outer boundary imposed by Rule 4(m). "[T]hough leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger." *George*, 221 F. Supp. 3d at 448 (cleaned up). Accordingly, defendants' motion to dismiss will be granted.

## V. CONCLUSION

Plaintiff failed to timely serve defendants and has not advanced "good cause" to excuse his counsel's neglect. Plaintiff has since attempted untimely service, but the relevant equitable considerations do not justify a discretionary extension of the deadline, *nunc pro tunc* or otherwise. Therefore, plaintiff's complaint will be dismissed without prejudice. *See, e.g.*, *In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 431–32 (S.D.N.Y. 2009) ("Absent perfected service, a court lacks jurisdiction to dismiss an action with prejudice; therefore dismissal pursuant to Rule 12(b)(5) must be without prejudice.").

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss (Dkt. No. 10) is GRANTED; and

2. Plaintiff's complaint (Dkt. No. 1) is DISMISSED without prejudice.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: February 11, 2025
      Utica, New York.

Anthony J. Brindisi
U.S. District Judge